**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MOHAMMED ABUROMI**, | |
| Plaintiff, | Civil Action No. 17-8846 (ES) (MAH) |
| v. | MEMORANDUM |
| **GLOBE LIFE ACCIDENT INSURANCE COMPANY**, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

The Court previously granted *pro se* Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 2). At that time, however, the Court was unable to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because only the cover page and the signature page of Plaintiff's Complaint were filed. (*See* D.E. No. 1). Accordingly, the Court granted Plaintiff's request to proceed *in forma pauperis*, but dismissed the Complaint *without prejudice* so Plaintiff could file a complete Complaint. (*See* D.E. No. 2). Thereafter, Plaintiff filed his Complaint. (*See* D.E. No. 3).

"[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). "A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Id.* at 77. In fact, "subject matter delineations must be policed by the courts on their own initiative." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Here, the basis for subject matter jurisdiction that Plaintiff invokes is diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See* D.E. No. 3 ¶ 2). Under § 1332(a), a district court has subject-matter jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. Although it appears that the two parties here are citizens of different states, Plaintiff expressly states that the amount in controversy is $55,000 (*id.* ¶ 2(B)(3)) and, in fact, he seeks this amount as damages (*id.* ¶ 4). Thus, Plaintiff does not meet the amount-in-controversy requirement under 28 U.S.C. § 1332(a) because the amount in controversy here is $55,000, not $75,000.

Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**